IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERTA SHEPHERD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 13-1413 |
| v. ) | Electronically Filed |
| ) | |
| CAROLYN W. COLVIN, ACTING ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

<u>**MEMORANDUM OPINION RE: PARTIES' CROSS-MOTIONS
FOR SUMMARY JUDGMENT (DOC. NOS. 11 AND 13)**</u>

**I.     Introduction**

Plaintiff, Roberta Shepherd ("Plaintiff"), brings this action pursuant to the Social Security Act (the "Act"), seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits ("DIB") and supplemental security income ("SSI"). The parties have filed Cross-Motions for Summary Judgment on the record developed at the administrative proceedings. For the following reasons, Plaintiff's Motion for Summary Judgment (Doc. No. 11) will be denied, the Commissioner's Motion for Summary Judgment (Doc. No. 13) will be granted, and the administrative decision of the Commissioner will be affirmed.

**II.    Procedural History**

Plaintiff protectively filed her application for SSI – known as the prior claim – on September 27, 2007, and her application was denied on June 30, 2008. R. 78. Plaintiff filed a timely request for an administrative hearing on July 22, 2008, and her administrative hearing was held before Administrative Law Judge ("ALJ") Michael F. Colligan in Pittsburgh, Pennsylvania

on August 19, 2009. R. 78. Judge Colligan issued an Unfavorable Decision on November 19, 2009. R. 75-91.

Plaintiff protectively filed for DIB, which is the current claim and the subject of this matter, on December 17, 2009. R. 129-135. The application was denied on May 20, 2010. R. 97-101. Plaintiff filed a request for an administrative hearing on May 28, 2010. R. 102-104. An administrative hearing was held before ALJ Leslie Perry-Dowdell in Pittsburgh, Pennsylvania on July 18, 2011. R. 32-51. ALJ Perry-Dowdell issued an Unfavorable Decision on October 28, 2011, holding that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity" of a listed impairment that would entitle her to DIB. R. 10-31. Plaintiff, who was represented by counsel, appeared and testified. R. 33-51.

The Appeals Council denied Plaintiff's request for review on December 14, 2011, thereby making the ALJ's decision the final decision of the Commissioner in this case. R. 7-9. Plaintiff commenced the present action on October 1, 2013 to seek judicial review of the Commissioner's decision. Doc. No. 3. Plaintiff filed a Motion for Summary Judgment on February 6, 2014. Doc. No. 11. The Commissioner filed a Cross-Motion for Summary Judgment on March 6, 2014. Doc. No. 13. These Motions are ripe for disposition and are the subject of this Memorandum Opinion.

### III. Statement of the Case

In ALJ Perry-Dowdell's decision, she made the following findings:

1. The claimant has not engaged in substantial gainful activity since November 25, 2009, the application date (Exhibit C2D; 20 CFR 416.971 *et seq.*).

2. The claimant has the following severe impairments: fibromyalgia; degenerative disc disease of the lumbar spine with stenosis; degenerative disease with the bilateral hips;

asthma; obstructive sleep apnea; obesity; major depressive disorder; anxiety disorder; and history of polysubstance abuse in sustained remission (20 CFR 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equates the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4. The claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a) (occasionally lifting 10 pounds and frequently lifting less than 10 pounds; standing and walking for 2 hours in an 8-hour day, and sitting for 6 hours), except that she: must be permitted to alternate between sitting and standing at will; can never climb ladders, ropes, or scaffolds but can occasionally climb ramps and stairs; can occasionally stoop, crouch, or crawl; requires a hand-held device at all times for walking and standing; must avoid concentrated exposure to extreme cold, extreme heat, wetness, or humidity; and must avoid hazards such as moving machinery. In addition, the claimant can have no more than minimal contact with the public, and is limited to simple, routine, repetitive tasks.

5. The claimant is unable to perform any past relevant work (20 CFR 416.965).

6. The claimant was born on March 21, 1968 and was 41 years old, which is defined as a younger individual age 18-44, on the date the application was filed (20 CFR 416.963).

7. The claimant has a limited education and is able to communicate in English (20 CFR 416.964).

8. Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled (20 CFR 416.968).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

10. The claimant has not been under a disability, as defined in the Social Security Act, since November 25, 2009, the date the application was filed (20 CFR 416.920(g)).

**IV.     Standard of Review**

This Court's review is limited to determining whether the Commissioner's decision is "supported by substantial evidence." 42 U.S.C. § 405(g); *Adorno v. Shalala*, 40 F.3d 43, 46 (3d Cir. 1994). The Court may not undertake a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Monsour Medical Center v. Heckler*, 806 F.2d 1185, 1190–1191 (3d Cir. 1986). Congress has clearly expressed its intention that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation marks omitted). As long as the Commissioner's decision is supported by substantial evidence, it cannot be set aside even if this Court "would have decided the factual inquiry differently." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). "Overall, the substantial evidence standard is a deferential standard of review." *Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir. 2004).

In order to establish a disability under the Act, a claimant must demonstrate a "medically determinable basis for an impairment that prevents him [or her] from engaging in any 'substantial gainful activity' for a statutory twelve-month period." *Stunkard v. Secretary of Health & Human Services*, 841 F.2d 57, 59 (3d Cir. 1988); *Kangas v. Bowen*, 823 F.2d 775, 777

(3d Cir. 1987); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is considered to be unable to engage in substantial gainful activity "only if his [or her] physical or mental impairment or impairments are of such severity that he [or she] is not only unable to do his [or her] previous work but cannot, considering his [or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

To support his or her ultimate findings, an administrative law judge must do more than simply state factual conclusions; he or she must make specific findings of fact. *Stewart v. Sec'y of Health, Educ. & Welfare*, 714 F.2d 287, 290 (3d Cir. 1983). The administrative law judge must consider all medical evidence contained in the record and provide adequate explanations for disregarding or rejecting evidence. *Weir on Behalf of Weir v. Heckler*, 734 F.2d 955, 961 (3d Cir. 1984); *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981).

The Social Security Administration ("SSA"), acting pursuant to its legislatively delegated rule making authority, has promulgated a five-step sequential evaluation process for the purpose of determining whether a claimant is "disabled" within the meaning of the Act. The United States Supreme Court has summarized this process as follows:

> If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further. At the first step, the agency will find non-disability unless the claimant shows that he is not working at a "substantial gainful activity."[20 C.F.R.] §§ 404.1520(b), 416.920(b). At step two, the SSA will find non-disability unless the claimant shows that he has a "severe impairment," defined as "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." §§ 404.1520(c), 416.920(c). At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled; if so, the claimant qualifies. §§ 404.1520(d), 416.920(d). If the claimant's impairment is not on the list, the inquiry proceeds to step four, at which the SSA assesses whether the claimant can do his previous work; unless he shows that he cannot, he is determined not to be disabled. If the claimant survives the fourth stage, the fifth,

5

and final, step requires the SSA to consider so-called "vocational factors" (the claimant's age, education, and past work experience), and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. §§ 404.1520(f), 404.1560(c), 416.920(f), 416.960(c).

*Barnhart v. Thomas*, 540 U.S. 20, 24–25 (2003) (footnotes omitted).

In an action in which review of an administrative determination is sought, the agency's decision cannot be affirmed on a ground other than that actually relied upon by the agency in making its decision. In *Sec. & Exch. Comm'n v. Chenery Corp.*, 332 U.S. 194 (1947), the Supreme Court explained:

> When the case was first here, we emphasized a simple but fundamental rule of administrative law. That rule is to the effect that a reviewing court, in dealing with a determination or judgment which an administrative agency alone is authorized to make, must judge the propriety of such action solely by the grounds invoked by the agency. If those grounds are inadequate or improper, the court is powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper basis. To do so would propel the court into the domain which Congress has set aside exclusively for the administrative agency.

*Chenery Corp.*, 332 U.S. at 196.

The United States Court of Appeals for the Third Circuit has recognized the applicability of this rule in the Social Security disability context. *Fargnoli v. Massanari*, 247 F.3d 34, 44, n. 7 (3d Cir. 2001). Thus, the Court's review is limited to the four corners of the ALJ's decision. It is on this standard that the Court has reviewed the Parties' Cross-Motions for Summary Judgment.

## V. Discussion

In support of Plaintiff's Motion for Summary Judgment and request for remand, she argues that ALJ Perry-Dowdell erred by insufficiently accounting for Plaintiff's medical records in her treatment recommendations. Doc. No. 12. Specifically, Plaintiff contends that the ALJ: (1) insufficiently addressed Plaintiff's moderate impairment in social functioning by failing to include appropriate limitations in dealing with co-workers and supervisors in her RFC finding;

and (2) improperly overruled a prior ALJ's findings absent evidence of medical improvement. Doc. No. 12. The Commissioner argues that the ALJ sufficiently incorporated Plaintiff's social impairment into her residual functional capacity ("RFC") assessment and that the findings of a prior ALJ are not binding upon a subsequent ALJ in the same matter. Doc. No. 14.

1. *ALJ's RFC Assessment Adequately Considers Plaintiff's Social Limitations*

Plaintiff argues that, because both the prior ALJ and Vocational Expert recognized her moderate social impairment, the ALJ erred by failing to adequately address that impairment in her RFC assessment. Doc. No. 12, 6. Plaintiff is limited in her ability interact socially. Id. Thus, Plaintiff argues that her RFC must account for that limitation in its recommendation regarding the type of work that may be both possible and proper given her several conditions. Id. In support of this contention, Plaintiff cites to several cases, but only one from within this Circuit.

Plaintiff cites *Valansky v. Colvin*, 2:13-cv-573 (W.D.Pa. Feb 6, 2014) in support of the proposition that ALJ Perry-Dowdell did not fairly account for Plaintiff's severe mental health impairment in her RFC Assessment. Doc. No. 12, 5. In *Valansky*, the Honorable Donetta Ambrose examined ALJ findings that recognized the moderate impairments in concentration, persistence, and pace, but placed in her RFC assessment no guidance or limitations that address those impairments.

This Court finds that *Valansky* is markedly different from the instant case. In her RFC assessment, ALJ Perry-Dowdell specifically recommended that "the claimant can have no more than minimal contact with the public." R. at 18. Further, the ALJ provides justification for her assessment in the text of her decision: "[t]he expanded record indicates that the claimant has been able to interact appropriately with multiple treating sources, and that she has had no

7

significant deficits in the ability to communicate or maintain appropriate behavior." R. 16. The ALJ also found that the "residual functional capacity accommodates the claimant's limitations in this area by providing that she can have no more than minimal contact with the general public." The record also indicates that Plaintiff appeared at therapy appointments, enjoyed group sessions, and planned to volunteer at a county jail to support female inmates. R. 16.

ALJ Perry-Dowdell sufficiently considered Plaintiff's social limitations in her RFC assessment as evidenced by her thorough analysis and explanation of those limitations. The record contains substantial evidence to support her findings and RFC assessment.

> 2. *ALJ's Decision Not to Include Manipulative or Reaching Limitations in her Findings is Supported by Substantial Evidence*

Plaintiff argues that because "there has been no evidence of [Plaintiff's] hands, arms, or upper extremities having improved," ALJ Perry-Dowdell erred in her decision not to include the manipulative or reaching limitations identified by the ALJ who adjudicated Plaintiff's prior claim. Doc. No. 12, 9. Plaintiff also argues that, because a subsequent ALJ is bound by collateral estoppel to observe and incorporate a prior ALJ's findings, ALJ Perry-Dowdell was compelled to include manipulative or reaching limitations in her findings. Id. The subsequent ALJ is not bound by the findings of the prior ALJ where, as here, new medical evidence has been presented that now renders the prior functional limitations inapplicable. *See Carter v. Barnhart*, 133 F. App'x 33, 35 (3d Cir. 2005) (holding that *res judicata* did not bind a subsequent ALJ because the previous ALJ had examined facts from a different period and that in light of the difference in time, "there was no reason to reopen the earlier application").

8

This Court finds substantial evidence that Plaintiff has made enough progress to render manipulative or reaching limitations unnecessary and therefore need not reach the issue of whether ALJ Perry-Dowdell is bound to a prior ALJ's findings.[1]

Specifically, the record reflects that, since the prior ALJ's decision on November 19, 2009: Plaintiff's carpal tunnel surgery was successful and that her complaints ceased following the procedure (R. 390-91, 395); Plaintiff's treating physician observed reduced left shoulder range of motion on only two occasions (R. 499, 502); Plaintiff exhibited full strength in her arms, normal bilateral shoulder range of motion, intact sensation to fine and sharp touch, and normal grip strength (R. 287-88, 509); a consulting examiner identified no manipulative or reaching limitations and specifically noted that Plaintiff had normal fine motor ability, which was evidenced by her good handwriting (R. 288-89); and a state agency medical expert opined that Plaintiff had no manipulative restrictions, and the ALJ afforded such opinion great weight (R. 305).

Plaintiff's claim that ALJ Perry-Dowdell was not presented evidence that Plaintiff's hands, arms, or upper extremities have improved is inconsistent with the record. Indeed, the record reflects several improvements – documented by both treating and consulting physicians – since the prior ALJ issued an RFC assessment for Plaintiff that included manipulative and reaching limitations. Further, ALJ Perry-Dowdell found that Plaintiff's "statements concerning the intensity, persistence, and limiting effects of these symptoms [were] not credible," providing further reasonable justification for her decision to include no such limitations. R. 20. *See*

---

[1] The United States Court of Appeal for the Third Circuit has, on several occasions, discussed whether the findings of a prior ALJ are binding on subsequent ALJs. *See Clark v. Barnhart*, 206 F. App'x 211 (3d Cir 2006); *Carter v. Barnhart*, 133 F. App'x 33 (3d Cir. 2005). Those cases generally hold that findings of a prior ALJ are not binding when the subsequent ALJ is to evaluate claims from later periods of time, although most cases examine claims of *res judicata* and not collateral estoppel.

*Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981) (finding that an ALJ is tasked with findings of credibility so long as the decision is consistent with the record). Plaintiff's claim in this regard is therefore without merit, as ALJ Perry-Dowdell's decision is supported by substantial evidence in this record.

**VI.     Conclusion**

For the foregoing reasons, the Court finds that the ALJ's decision is supported by substantial evidence. Therefore, the Commissioner's administrative decision will be affirmed. An appropriate Order follows.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:     All Registered ECF Counsel and Parties